White, J.
There was a variance between the averments in the petition and the evidence, in respect to the time at which the mortgage debt became due. No reference was made, in the petition, to the agreement for the extension of time. The petition counted on the original condition of the mortgage; but as the agreement for extension was in evidence, and as no objection was made on the ground of variance, the variance is to be regarded, under the code, ns immaterial. Hoffman v. Gordon., 15 Ohio St. 212.
The effect of the agreement of extension was to work a novation of the mortgage debt, as respects the time of payment. By the original condition of the mortgage, the debt was payable sixty days after demand. By the new *368 agreement tbe principal became payable in three years from October 13, 1871, and the interest annually. The effect of the agreement, in equity, was to modify the original condition of the mortgage, to the same extent as if the terms of the agreement had been incorporated into the condition. As thus modified, the condition of the mortgage was for the payment of the interest annually, and the principal in three years from October 13, 1871.
At the commencement of the suit, two installments of interest were due; hence the suit was not prematurely brought, as was held to be the case in the action against Curtis. (Ante, p. 343.)
The other defenses were adjudged invalid in the case of Curtis; and the grounds of that judgment apply equally to this case, and need not be here repeated.
The judgment is reversed, the findings set aside, and the cause remanded for further proceedings.